UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA AQUINO DIAZ,<br>Plaintiff,<br>v.<br>STOCKTON REGIONAL REHABILITATION HOSPITAL, LLC, et al.,<br>Defendants. | No. 2:25-cv-03382-DC-CKD<br><br><u>ORDER GRANTING THE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF</u><br><br>(Doc. No. 13) |

This matter is before the court on the motion to withdraw as Plaintiff's counsel of record filed by attorney Jerome Anthony Clay, Jr,. on June 22, 2026. (Doc. No. 10.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 14.) For the reasons explained below, the court will grant the pending motion to withdraw as counsel.

**LEGAL STANDARD**

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client

> and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id.*

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include to following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
>
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
>
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

> (6) the client knowingly and freely assents to termination of the representation;
>
> (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;
>
> (8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;
>
> (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or
>
> (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

## ANALYSIS

Here, Attorney Jerome Anthony Clay, Jr., moves to withdraw as counsel for Plaintiff in this action because there has been a "fundamental and irreparable breakdown of the Attorney-Client relationship due to deterioration of communication and [Plaintiff's] repeated rejection of counsel's professional advice regarding the realistic value and merits of her claims, as well as her stated intention to proceed in a manner inconsistent with counsel's professional judgment

regarding settlement and litigation strategy." (Doc. No. 13 at 2.) Attorney Clay explains that Plaintiff "has expressed fundamental disagreement with counsel's professional assessment of the realistic value and merits of her claims, has accused counsel of acting against her interests and without her knowledge or consent in connection with routine litigation decisions properly within counsel's professional judgment, and has stated in writing that she 'will also be reporting [counsel] to the bar for this.'" (*Id.* at 3.)

Attorney Clay therefore asserts that good cause for permissive withdrawal exist under California Rule of Professional Conduct 1.16(b)(4) and (b)(6), due to the breakdown of trust and communication of this nature, combined with his client's expressed intent to pursue a State Bar complaint against him. (*Id.*)

As for prejudice withdrawal may cause to other parties, the court notes that Defendants did not file an opposition to the pending motion for withdrawal, nor otherwise express concerns regarding prejudice or delay.

As for delay that may be caused by permitting withdrawal, the court notes that this case is still in the early stages of litigation; discovery does not close for several months. (*See* Doc. No. 12.) Thus, granting the pending motion and providing time for Plaintiff to obtain new counsel to represent her in this case will not cause significant delay in resolving this case.

Further, Attorney Clay has "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of [Plaintiff]," by giving Plaintiff ample notice of his intention to file this motion. *See* Cal. R. Prof. Conduct 1.16(d). (Doc. No. 13-1 at ¶ 8.) Attorney Clay also provided the court with Plaintiff's last known mailing address and email address, as required by Local Rule 182. (*Id.* at ¶ 9.)

Having considered the motion and Attorney Clay's representations, the court finds that the permissive withdrawal sought by counsel is appropriate under Rule 1.16(b).

Thus, the pending motion to withdrawal as counsel for Plaintiff will be granted. Plaintiff will be provided thirty (30) days to obtain new counsel to represent her in this action or to inform the court of her intention to proceed *pro se* in this case.

/////

## CONCLUSION

For the reasons set forth above:

1. The motion to withdraw as counsel for Plaintiff (Doc. No. 13) is GRANTED;
2. The Clerk of the Court is directed to terminate Jerome Anthony Clay, Jr., as the counsel of record for Plaintiff;
3. Attorney Clay shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees, if any;
4. Within thirty (30) days from the date of entry of this order, Plaintiff shall file either: (i) a notice of appearance by new counsel obtained to represent her in this action, or (ii) a notice informing the court that she will continue prosecuting this action *pro se*;
5. Plaintiff is warned that her failure to comply with this order may result in the court dismissing this action due to her failure to prosecute and failure to comply with the court's order;
6. Plaintiff is substituted in *pro se* and is directed to comply with all future hearing dates and the rules of the court;
7. The Clerk of the Court is directed to enter the following contact information as Plaintiff's address of record;

Gloria Aquino Diaz
1099 Klemeyer Circle
Stockton, CA 95206
glorydayzrn@gmail.com

/////
/////
/////
/////
/////
/////

8. The Clerk of the Court is directed to serve this order on Plaintiff by mail and by email.

IT IS SO ORDERED.

Dated: **July 28, 2026**

Dena Coggins
United States District Judge