UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA AQUINO DIAZ,<br>Plaintiff,<br>v.<br>STOCKTON REGIONAL REHABILITATION HOSPITAL, LLC, et al.<br>Defendants. | No. 2:25-cv-03382-DC-CKD<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR HEARING<br><br>(Doc. No. 17) |

This matter is before the court on Plaintiff's request for hearing and supplement to partial objection to the motion to withdraw filed by Plaintiff's former counsel. (Doc. No. 17.)

On July 28, 2026, the court signed an order granting the motion to withdraw as counsel of record for Plaintiff filed by Attorney Jerome Anthony Clay, Jr., (Doc. No. 13), and that order was entered on the docket on July 29, 2026. (Doc. No. 15.) In that order, the court directed that Plaintiff be served with a copy of that order by mail and by email, and the docket reflects that service was made as directed. Before Plaintiff received a copy of the court's order, on July 31, 2026, Plaintiff filed a partial objection to the motion to withdraw, and that partial objection was entered on the docket on August 4, 2026. (Doc. No. 16.) Further, after receiving a copy of the court's order, on August 11, 2026, Plaintiff filed the pending request for hearing and supplement to her partial objection. (Doc. No. 17.)

The court has reviewed and considered Plaintiff's partial objection and request for hearing and supplement, and the court finds no basis for setting a hearing as Plaintiff has requested. As the court explained in its order granting the motion to withdraw as counsel, the California Rules of Professional Conduct permit attorneys to withdraw when there has been a breakdown in the attorney client relationship, and Attorney Clay demonstrated such a breakdown of trust and communication in this case. (Doc. No. 15 at 2–4.) Indeed, Plaintiff's objection and supplement confirm this breakdown in the attorney client relationship, which further confirms that withdrawal by Attorney Clay was appropriate.

To the extent Plaintiff has a grievance or dispute with Attorney Clay, the court notes that this action is not the proper avenue for addressing or resolving such a dispute. This action is between Plaintiff and Defendants.

The court further notes that Plaintiff attached an unsigned stipulation to dismiss this action to her supplement. To the extent the parties agree on dismissing this case, they may file a signed stipulation to dismiss.

Finally, in the court's order granting withdrawal of Plaintiff's former counsel, the court directed Plaintiff to file either: "(i) a notice of appearance by new counsel obtained to represent her in this action, or (ii) a notice informing the court that she will continue prosecuting this action *pro se*." (Doc. No. 15 at 5.) Plaintiff's deadline to comply with that order was August 28, 2026, and Plaintiff has not complied. Nevertheless, given that Plaintiff's request for a hearing was pending, the court will extend Plaintiff's deadline to comply with that order.

Accordingly:

1. Plaintiff's request for a hearing (Doc. No. 17) is DENIED;
2. Within fourteen (14) days from the date of entry of this order, Plaintiff shall file either: (i) a notice of appearance by new counsel obtained to represent her in this action, or (ii) a notice informing the court that she will continue prosecuting this action *pro se*; and

/////

/////

3. Plaintiff is again warned that her failure to comply with this order may result in the court dismissing this action due to her failure to prosecute and failure to comply with the court's order.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Dena Coggins
United States District Judge